## WITTNEBEL v. LOUGHMAN.

District Court, S. D. New York.

March 26, 1935.

Breed, Abbott & Morgan, of New York City, for plaintiff.

Dunlap, Otto & McGovern, of New Rochelle, N. Y., for defendant.

PATTERSON, District Judge.

The suit is in equity by a stockholder of a failed national bank against the receiver to obtain inspection of the books and records of the bank. The receiver's motion to dismiss the amended bill was denied. Wittnebel v. Loughman (D. C.) 9 F. Supp. 465. The receiver then answered. The present motion is by the plaintiff to strike out the separate defense set forth in the answer as insufficient in law; also, to strike out the balance of the answer as insufficient in law and tendering no issue to be tried.

While the answer contains denials of several portions of the amended bill as well as denials of knowledge or information as to other portions, there is no denial of the essential facts on which the plaintiff's amended bill is based. The defendant does not deny that the plaintiff is a stockholder in the failed bank, that the defendant is the receiver and in possession of the bank's books and records, that the plaintiff has made charges of flagrant malfeasance in office against former officers and directors of the bank, that the plaintiff has demanded access to the books and records, and that access has been refused. In the separate defense, the defendant avers that as receiver he is faithfully performing the duties of his office; that he has made reports to his superior, the Comptroller of the Currency, relative to all questionable actions of former officers and directors that have come to his attention; that his refusal to permit the plaintiff to examine the books has not been arbitrary, but has been in performance of what he conceives to be his duty.

If the court was correct in sustaining the sufficiency of the amended bill, it must follow that the separate defense interposed is insufficient in law. It has already been decided in this case that a stockholder has a right to examine the books and records of a failed national bank where such examination is sought in good faith, is germane to his interests as stockholder, and will not be disruptive of efforts at reorganization. The existence of these conditions is not disputed in the answer. It is of no present importance that the receiver is performing his duties and has made reports to the Comptroller. The motion to strike this defense should be granted.

The same is true of the part of the answer consisting of admissions and denials. The denials are of matters that are not essential and might have been omitted from the amended bill. On the pleadings the plaintiff is entitled to the discovery sought. There will be an order that the answer is insufficient in law and that the plaintiff is entitled to a decree of discovery. As the matters in controversy are of importance and have apparently never been passed on by the higher courts, I will give the defendant a stay of twenty days within which to appeal.