**SCHRIER et al. v. FEDERAL DEPOSIT INS. CORPORATION.**

No. 8390.

District Court, E. D. New York.

Dec. 8, 1937.

.Henry Spitz, of New York City (Bernard J. Katz, of New York City, of counsel), for plaintiffs.

Sidney R. Nussenfeld, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion to dismiss a complaint for failure to state facts sufficient to constitute a cause of action. The action is brought by the holders of 787 shares of the capital stock of the Fort Greene National Bank against the Federal Deposit Insurance Corporation. which was appointed statutory receiver of said bank by the Comptroller of the Currency on August 14, 1937, pursuant to the provisions of the National Banking Act. 12 U.S.C.A. § 191. The relief requested is primarily for a declaratory judgment that the plaintiffs have the right to examine the books and records of the bank.

The plaintiffs allege their demands on the receiver for information concerning the status of the bank and for a list of stockholders. They also allege that they caused their attorney to request from the various liquidators appointed by the receiver permission to have an examination of the books and records of the bank made on their behalf at a time and place which would not interfere with the proper administration of the affairs of the bank. They further allege the refusal of the receiver to comply with these demands, though they believe that the officers and directors have been

guilty of wrongdoing and no action of any kind has been taken by the defendant on behalf of the bank against these officers and directors.

The problems raised by this motion and the principles governing its determination have been considered and set forth in the recent case of Wittnebel v. Loughman, 2 Cir., 80 F.2d 222. See, also, the lower court opinions therein, to be found in 9 F.Supp. 465, D.C.S.D.N.Y., and 11 F.Supp. 571, D. C.S.D.N.Y. With the complaint in the instant case modelled upon that in the Wittnebel Case, striking similarity is to be noted between the two cases.

In Wittnebel v. Loughman, supra, suit was brought for a declaratory judgment granting a stockholder the right to examine the books of the corporation. The complaint alleged, on information and belief, mismanagement by the directors. It further alleged repeated requests for access to the books and records and the absolute refusal by the receiver of the same, even after the bank had been closed for twenty months. Despite many requests by the stockholders to examine the books in order to ascertain whether there was basis for an action against the directors, no action was brought by the receiver until the order for an examination had been issued by the District Court. The court denied a motion to dismiss the complaint and then struck out the answer of the defendant because it failed to deny the serious charges in the complaint.

The Wittnebel Case clearly recognizes the proposition that, even where a receiver for a national bank has been appointed by the Comptroller of the Currency, and even though a stockholder is not entitled to an order of examination as of right, he may still obtain an examination of the books and records where good and justifiable reason is shown. The present plaintiffs, by following the allegations of the Wittnebel complaint, have brought themselves within the purview of the decision in that case.

While it is true that the plaintiffs allege merely a belief that acts of misconduct by the officers and directors have taken place, the substantiality of this allegation can best be ascertained after the defendant has put in its answer and the plaintiffs have been put to their proof. It also appears that considerably less time has passed in this case since the appointment of a receiver than had passed in the Wittnebel Case when the order for an examination

was granted. Only five or six weeks have elapsed between the date of the appointment of the receiver and the time when the plaintiffs began to press their demands for an examination of the books and records. This period may have been inadequate to enable the receiver to investigate the facts and circumstances upon which the plaintiffs base this action. The reasonableness of the time which has elapsed, however, can be determined better when the court has something more before it than the complaint to which it is limited in the determination of this motion. While there are allegations in the complaint indicating that the plaintiffs' main reason for seeking an examination is to obtain a list of stockholders, this, too, is a matter which cannot be determined with certainty from the face of the complaint, and on which decision should be reserved until after the defendant has put in its answer.

Although somewhat inartistically drawn, perhaps, the complaint states a cause of action under the authority of Wittnebel v. Loughman, supra. The motion is therefore denied at this time.

Settle order on notice.